FILED

NOT FOR PUBLICATION

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IRMA PUTRI WIRAYA, | No. 12-73256 |
| Petitioner, | Agency No. A096-351-599 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Irma Putri Wiraya, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reconsider, and we review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant in part, deny in part, and dismiss in part the petition for review, and remand.

The BIA abused its discretion by denying Wiraya's motion to reconsider as to changed country conditions on the ground that it gave Wiraya's affidavit reduced weight. In giving Wiraya's affidavit reduced weight because her statements were not based on her personal knowledge of current country conditions in Indonesia, the BIA erred in weighing the quality of the evidence in her motion to reopen. *See Ghadessi v. INS*, 797 F.2d 804, 806-07 (9th Cir. 1986) (finding that the BIA abused its discretion by weighing quality, rather than sufficiency of evidence, in a motion to reopen); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions."). Accordingly, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

As to the remaining contentions, the BIA did not violate due process or abuse its discretion by denying Wiraya's motion to reconsider where she was afforded an opportunity to present her applications during her removal proceedings, *see Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir.

2007) ("Where an alien is given a full and fair opportunity . . . to present testimony and other evidence in support of the application, he or she has been provided with due process."), and she did not demonstrate an error in the BIA's prior determination that she was required to establish an exception to the time limitations for reopening her properly-finalized removal proceedings, *see* 8 C.F.R. § 1003.2(c)(3)(ii); 1208.14(f).

To the extent Wiraya challenges the BIA's underlying order denying her motion to reopen to apply for asylum, withholding of removal, and Convention Against Torture relief, we lack jurisdiction because this petition is not timely as to that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**