**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA PUTRI WIRAYA, | No.   15-71133 |
| Petitioner, | Agency No. A096-351-599 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Irma Putri Wiraya, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals's ("BIA") March 13, 2015, order denying her

motion to reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reconsider and review de novo claims

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

We do not consider Wiraya's contention that she timely filed her motion to reopen proceedings, or her contention concerning the sufficiency of her motion to reopen, which were previously reviewed by this court in *Wiraya v. Holder*, 585 Fed. Appx. 495 (9th Cir. 2014).

On remand from this court, in denying Wiraya's motion to reconsider, the BIA found that the contents of Wiraya's documents did not establish any material change in conditions in Indonesia. The BIA did not abuse discretion in denying Wiraya's motion to reconsider. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law"); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We reject Wiraya's contentions that the BIA, on remand, failed to comply with this court's order, and that the BIA erred by not soliciting supplemental briefing or holding oral arguments. Thus, Wiraya's due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a

15-71133

due process claim).

**PETITION FOR REVIEW DENIED**.